# C I T A T I O N
## T H E   S T A T E   O F   T E X A S
### CAUSE NO. D-1-GN-11-001622

MAILED THIS ___ DAY OF JUN 0 2 201_
BRUCE ELFANT
CONSTABLE, PREC. 5, TRAVIS COUNTY, TEXAS
BY_____
DEPUTY

FRANCES PRIEST AND JACKIE LYONS, INDIVIDUALLY AND AS ATTORNEY-IN-FACT FOR FRANCES PRIEST
, Plaintiff

vs.
BAUSCH & LOMB INCORPORATED
, Defendant

TO: BAUSCH & LOMB INCORPORATED
BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM
350 N. ST. PAUL STREET, STE 2900
DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MAY 31, 2011 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at office, **June 01, 2011.**,

REQUESTED BY:
ANDREW FAIRLES MACRAE
1101 S. CAPITAL OF TX HWY, BLDG K, STE. 125
AUSTIN, TX 78746-3819
BUSINESS PHONE: (512) 637-1581   FAX: (512) 637-1583

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JACKSON LA SHAY

-- - -- - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the ORIGINAL PETITION, NOTICE OF ENTRY NEW EFILE MANDATE ORDER accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Bruce Elfant
Constable Pct. 5
Travis County, Texas

Service Fee: $ _____

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-11-001622                                    SERVICE FEE NOT PAID                               P01 - 04948
☐ Original    ☐ Service Copy

Filed
11 May 31 P3:46
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-11-001622

CAUSE NO. _____

| | | |
|---|---|---|
| FRANCES PRIEST and JACKIE LYONS, INDIVIDUALLY AND AS ATTORNEY-IN-FACT FOR FRANCES PRIEST | § § § § | IN THE DISTRICT COURT |
| | § | TRAVIS COUNTY, TEXAS |
| V. | § § § | |
| BAUSCH & LOMB INCORPORATED | § | \_\_\_ JUDICIAL DISTRICT |

## ORIGINAL PETITION

Plaintiffs Frances Priest and Jackie Lyons, Individually and as Attorney-in-Fact for Frances Priest, file the following Original Petition.

### DISCOVERY

1. Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, Discovery should be conducted under Level 3.

### PARTIES

2. Plaintiff Frances Priest is an individual residing in Travis County, Texas.

3. Plaintiff Jackie Lyons is an individual residing in Travis County, Texas. She is attorney-in-fact for her mother, Frances Priest.

4. Defendant Bausch & Lomb Incorporated is a foreign corporation authorized to conduct business in Texas. It may be served with citation through its registered agent, CT Corp System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

### VENUE

5. Venue is proper in Travis County pursuant to Tex. Civ. Prac. & Rem. Code Ann. 15.002 because a substantial part of the events or omissions giving rise to this lawsuit occurred here.

### BACKGROUND

6. Frances Priest underwent a left eye vitrectomy on September 23, 2009 at Seton Medical Center in Austin, Texas, with Dr. Brian Berger as the surgeon. Dr. Berger utilized Bausch & Lomb instruments for the surgery. Following the surgery, although there was some partial improvement in her vision, Ms. Priest suffered from extraordinary pain and a series of infections in her left eye. Dr. Berger's associate, Dr. Robert Wong, did an exploratory surgery on December 2, 2009, to try and resolve the pain and infections, and in that surgery, found a foreign body in Ms. Priest's left eye. That foreign body was determined to be a vitrectomy trocar, which had broken off the Bausch & Lomb instrument during the September 23 surgery, and had been embedded in Ms. Priest's eye for the ensuing 70 days.

7. In addition to the extraordinary pain she suffered from the embedded trocar and related infections, Ms. Priest has essentially lost all vision in her left eye – she is legally blind.

### CLAIMS FOR RELIEF

**Negligence**

8. Defendant failed to exercise ordinary care in the manufacture and distribution of its surgical instruments. That negligence is the proximate cause of significant damages to Plaintiffs. Alternatively, Plaintiffs plead that they are entitled to damages under the legal doctrine of res ipso loquitor.

**Manufacturing Defect**

9. Further, there was a manufacturing defect in the Defendant's surgical instruments, which was a producing cause of damages to Plaintiffs. Although the instruments were used as they were designed to be used, a piece of the trocar broke off and embedded in Ms. Priest's eye, causing significant damages.

**Damages**

10. Ms. Priest suffered severe pain in her eye and numerous infections, and has lost her vision. She seeks damages for physical pain and suffering in the past and future, mental anguish in the past and future, disfigurement in the past and future, and medical expenses in the past and future. Further, because she is now legally blind and can no longer manage certain activities of daily living that she could manage before the September 23, 2009 surgery, she has incurred and continues to incur significant economic expenses. Ms. Lyons has suffered her own mental anguish as a result of her mother's condition, and seeks damages for that mental anguish as well as economic damages she incurred because of her mother's condition.

11. Damages are ongoing, but are well in excess of the jurisdictional limits of this Court.

## DISCOVERY

12. Attached to this Original Petition as Exhibits A and B respectively are Plaintiff's First Set of Interrogatories and Requests for Production, which are to be answered within 50 days of service.

13. In addition, Defendant is requested to disclose, within 50 days of service of this Original Petition, the information or material described in Rule 194.

## JURY TRIAL

14. Plaintiff demands a jury trial and tenders the jury fee herewith.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that upon trial of this matter, they be awarded judgment against Defendant for their actual damages, together with interest and costs of court. They further request such other relief, both legal and equitable, to which they may show themselves justly entitled.

Respectfully submitted,

By: /s/ Andrew F. MacRae
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE LLP
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel: (512) 637-1581
Fax: (512) 637-1583

ATTORNEYS FOR PLAINTIFFS

## **EXHIBIT A**

## **FIRST SET OF INTERROGATORIES**

Pursuant to the terms and provisions of Rule 197, TEXAS RULES OF CIVIL PROCEDURE, and under such Rule, Plaintiffs require Defendant to answer separately each of the following Interrogatories in writing, under oath, within fifty (50) days of service hereof, and seasonably supplement the answers as specified in Rule 193.5, TEXAS RULES OF CIVIL PROCEDURE.

Respectfully submitted,

By: /s/ Andrew F. MacRae
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE LLP
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel: (512) 637-1581
Fax: (512) 637-1583

ATTORNEYS FOR PLAINTIFFS

## **DEFINITIONS**

For purposes of these Interrogatories, the terms used herein shall have the following meanings:

A. "Document" and "documents" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, that are in the possession, custody, or control of Plaintiff or in the possession, custody, or control of the attorney for Plaintiff. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical control thereof.

B. "You" and "your" shall mean the Defendant, as well as all other persons acting or purporting to act on behalf of you, including any attorney or other representative.

C. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these Interrogatories any document that might be deemed outside its scope by another construction.

D. "Person" shall mean any individual, partnership, association, corporation, joint venture, firm, proprietorship, agency, board, authority, commission, or other legal or business entity.

E. To "identify" an individual means to state that individual's:

(i) name;
(ii) current or last known telephone numbers at business and home; and
(iii) current or last known business and home addresses.

F. To "identify" a person (as defined herein) other than an individual means to state:

(i) its full name;
(ii) the nature of its organization;
(iii) the address and telephone number of its principal offices and, if applicable, the state in which it is incorporated; and
(iv) its principal line of business or activity.

G. To "identify" an act, event, occurrence or communication means:
(i) to state its date;
(ii) to identify the persons that were parties to and witnesses of the act, event, occurrence, or communication;
(iii) to describe where and how it took place; and
(iv) to identify any document that constitutes or refers to such act, event, occurrence, or communication.

2

H. To "identify" a file means:

(i) to state the title contained thereon; and
(ii) to identify the person for whom the file is maintained.

I. To "identify" a statement means:

(i) to identify who made it;
(ii) to identify who took or recorded it;
(iii) to identify all persons, if any, present during the making thereof;
(iv) to state when, where, and how it was taken or recorded; and
(v) to identify who has current or last known possession, custody, or control thereof.

J. To "identify" a document means:

(i) to identify all files in which it and all copies of it are found;
(ii) to identify its author;
(iii) to identify its addressees, if any;
(iv) to identify those who received a copy thereof;
(v) to identify its current custodian or the person that had last known possession, custody, or control thereof;
(vi) to state the date of its preparation; and
(vii) to state its general subject matter giving a reasonably detailed description thereof.

K. To "identify" any other tangible thing means:

(i) to identify what it is, giving a reasonably detailed description thereof;
(ii) to state when, where, and how it was made, if applicable;
(iii) to identify who made it, if applicable; and
(iv) to identify its current custodian or the person that had last known possession, custody, or control thereof.

L. "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

M. "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the user in making it, any stenographic, mechanical, electrical, or other recording or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

3

N. "Occurrence in question" refers to the occurrence made the basis of this action.

O. "Describe in detail" means to give a complete and full description concerning the matter about which inquiry is made, including the full name, address, and telephone number of persons involved, if appropriate, along with dates, times, places, amounts, and other particulars which make the answer to the Interrogatory fair and meaningful.

## INSTRUCTIONS

A. To the extent possible, the Interrogatories are to be answered in the spaces following each Interrogatory. Additional space for your answers is provided following the last Interrogatory.

B. Your attorney in this case is not to sign or swear to the answers you have made to the Interrogatories.

C. You shall answer the Interrogatories separately and fully under oath, and your answers will be filed in the papers of this cause.

D. These Interrogatories shall be signed by the person to whom they are directed, or if a party is other than an individual, then the answers of said party shall be signed under oath by an officer or agent of the same with the authority to do so.

E. You and your attorney are under a duty to supplement your answers to these Interrogatories by amending your answers if you or your attorney obtain information upon the basis of which:

(i) you or your attorney knows that the answer was incorrect or incomplete when made; or
(ii) you or your attorney knows that the answer, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading.

F. A duty to supplement your answers to these Interrogatories may be agreed to by your attorney.

## WARNINGS

A.  A failure to answer these Interrogatories on time or in good faith may result in sanctions being imposed against you under Rule 215, TEXAS RULES OF CIVIL PROCEDURE.

B.  An evasive or incomplete answer is to be treated as a failure to answer.

C.  You are required to state the truth, the <u>whole</u> truth, and nothing but the truth in answering these Interrogatories.

D.  Cases have held that:

    (i)    A partial answer that reserves some possible future objection is no answer at all.

    (ii)    An answer that the documents containing the information sought are unavailable is evasive unless the answering party states he has personal knowledge of the answers.

    (iii)    Reference to documents, whether produced or not, that do not contain the requested answer is insufficient.

    (iv)    A party who answers by referring the interrogating party to company records must state that the desired information is in the records; an answer that the desired information <u>might</u> be in the company records is insufficient.

    (v)    A general answer to a specific question is insufficient.

## INTERROGATORIES

1.  Identify every person answering these interrogatories, in whole or in part. List name, address, date of birth, driver's license number, and Social Security number.

    **ANSWER**:

2.  If you have ever talked to any Plaintiff, or have any knowledge, either directly or indirectly, of any statement or admission of any kind of any Plaintiff, about the occurrence in question or any other fact that might be relevant in any way to this case, please describe the nature of each such conversation, statement and/or admission identifying the person or persons present at the time of each such conversation, statement and/or admission and state what was said by each person.

    **ANSWER**:

3.  State whether, except for this action, you have ever been a party to civil litigation or made a claim for or received any health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, worker's compensation benefits, tort claims and/or harbor workers act claims, and/or suits, unemployment compensation, insurance benefits, or similar benefits, relating to the product and/or product line made the basis of this suit. As to each civil lawsuit, state the names of all parties, the court in which the suit is (was) pending, and the cause number. As to each item, state the date such benefits were received, their nature, the carrier, defendant, respondent, or agency responsible for payment, the amount realized by settlement of or judgment upon such information, and the claim, cause or suit number by which information on such matters may be obtained.

    **ANSWER**:

4.  When did you first receive notice of the occurrence in question, and how was such notice received?

    **ANSWER**:

5.  Pursuant to Rule 192.3(d) provide the name, address and telephone number of any person who is expected to be called to testify at trial.

    **ANSWER**:

6

6. Explain the legal and factual basis for any affirmative defenses you have pleaded or intend to plead.

    **ANSWER**:

7. Please identify the incident reports, complaints or other notices you have received where a vitrectomy trocar has allegedly broken off in a patient's eye.

    **ANSWER**:

8. Please identify any steps you have taken in response to any incident reports, complaints or other notices identified in response to interrogatory no. 7, to reduce the risk of such incidents in the future; to educate health care providers of the risk; and/or to compensate complainants.

    **ANSWER**:

9. Please identify any incident report, complaint or other notice you received from any of Ms. Priest's health care providers that a vitrectomy trocar had allegedly broken off in the patient's eye.

    **ANSWER**:

7

## **EXHIBIT B**

## **REQUEST FOR PRODUCTION**

Plaintiffs submit the following Request for Production to Defendant, and require Defendant to produce and permit inspection, sampling, testing, photographing, and/or copying the items specified herein, within fifty (50) days of service hereof, and seasonably supplement the responses as specified in Rule 193.5, TEXAS RULES OF CIVIL PROCEDURE.

                                              Respectfully submitted,

                                              By:   /s/ Andrew F. MacRae
                                                   ANDREW F. MACRAE
                                                   *State Bar No. 00784510*
                                                   LEVATINO|PACE LLP
                                                   1101 S. Capital of Texas Highway
                                                   Building K, Suite 125
                                                   Austin, Texas 78746
                                                   Tel:  (512) 637-1581
                                                   Fax:  (512) 637-1583

                                            ATTORNEYS FOR PLAINTIFFS

## DEFINITIONS

For purposes of these Requests, the terms used herein shall have the following meanings:

A. "Document" and "documents" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries, or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, voucher analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tapes, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced. "Document" and "documents" means and includes all matter within the foregoing description that is in the possession, control, or custody of Defendant or in the possession, control, or custody of any attorney for Defendant. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

B. "You" and "your" shall mean you as well as all other persons acting or purporting to act on behalf of you, including any attorney or other representative.

C. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these Requests any document that might be deemed outside its scope by another construction.

D. "Person" shall mean any individual, partnership, association, corporation, joint venture, firm, proprietorship, agency, board, authority, commission, or other legal or business entity.

2

E.      "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

F.      "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially *verbatim* recital of an oral statement made by the person making it and contemporaneously recorded.

G.      "Occurrence in question" refers to the occurrence made the basis of this action.

## INSTRUCTIONS

A.      A person is required to produce a document or tangible thing if it is within the person's possession, custody, or control. Possession, custody, or control includes constructive possession such that the person need not have actual physical possession. As long as the person has the superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody, or control.

B.      A person is required to produce documents and tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by any expert or for an expert in anticipation of the expert's trial and/or deposition testimony.

C.      The disclosure of material prepared by an expert used for consultation is required even if it was prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

D.      If the documents that you produce have been removed from the files in which they normally reside for the purpose of making production, please indicate for each such document the file, or files, in which it normally resides.

E.      If any document was but is no longer in your custody or possession or subject to your control or is no longer in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of, and in each instance explain the circumstances surrounding such disposition thereof and state the date or approximate date thereof.

F.      The documents produced in response to this Request should be segregated and clearly marked or labeled as to the specific Request to which such documents are responsive and are being produced. Otherwise, such documents shall be produced as they are kept in the usual course of business, including a production of the file from which such documents are taken, along with all other documents residing in those files.

G.      If any document is withheld, in whole or in part, for any reason, including, but not limited to, any claim of privilege, confidentiality, or work product, set forth separately with

respect to each such statement (a) the author of the document, (b) the addressee of the document, (c) the date of the document, (d) the identity of all persons having received copies of the document, (e) the subject matter of the document, and (f) a brief statement or synopsis of the matters dealt with in the document and/or the circumstances surrounding the making of the document.

## DOCUMENTS TO BE PRODUCED

1. If you have made any settlement, deal, agreement, or reached any understanding of any kind with any other person or party whatsoever with respect to this case, then produce a copy of each such settlement, deal, agreement, or understanding.

2. All photographs, drawings, graphs, charts, electronic or videotape recordings, moving pictures, films, and audio recordings which constitute or contain matter relevant to the subject matter in this case.

3. The documents you or your attorney may offer as evidence at the time of trial in support of the claims made the basis of this lawsuit, including, but not limited to, all documents/other documentary evidence which may be used in any way to substantiate a claim for any type of monetary damages which you claim to have sustained or will sustain in the future as a result of the incident in question.

4. Copies of any written, verbal, recorded, or any other kind of statement of any Plaintiff.

5. All diaries, calendars or any other lists or notes kept by you regarding or related in any way to the occurrence in question and/or events thereafter.

6. Copies of any and all reports, publications, or other documents evidencing any standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial hereof the Defendant(s) has complied with respect to the subject matter of this lawsuit.

7. All documents which purport or appear to be written or authored by a Plaintiff, or which purport or appear to have come from the files of a Plaintiff.

8. The incident reports, complaints or other notices you have received where a vitrectomy trocar has allegedly broken off in a patient's eye, as identified in response to interrogatory no. 7.

9. The documents reflecting any steps you have taken in response to any incident reports, complaints or other notices identified in response to interrogatory no. 7, to reduce the risk of such incidents in the future; to educate health care providers of the risk; and/or to compensate complainants, as identified in response to interrogatory no. 8.

4

10. The documents reflecting any incident report, complaint or other notice you received from any of Ms. Priest's health care providers that a vitrectomy trocar had allegedly broken off in the patient's eye, as identified in response to interrogatory no. 9.



# Amalia Rodriguez-Mendoza
District Clerk, Travis County
Travis County Courthouse Complex
P. O. Box 679003
Austin, Texas 78767

Date: November 3, 2008

TO: All attorneys of record in cases pending in Travis County District Court

NOTICE OF ENTRY OF NEW E-FILE MANDATE ORDER

The 2008 Court Order Regarding E-filing is effective as of November 1, 2008. You can view this order by selecting the link near the top of the following web page:

http://www.co.travis.tx.us/district_clerk/default.asp

If you have not yet established an e-filing account, please refer to Texas Online's eFiling Main Information at:

http://www.texasonline.com/portal/tol/en/info

We are asking that you establish your account as soon as possible, but a grace period through the end of the year has been implemented to allow you adequate time to make e-filing preparations.

If you have any questions regarding the e-filing process or the order's application to any of your pending cases, you may call 512-854-FILE (512-854-3453) for assistance.

Thank you.

Amalia Rodriguez-Mendoza
Travis County District Clerk


Travis County District Clerk's Office
Civil Division

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-4295 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |

THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
A Non-Profit Corporation

# IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

## 512-472-8303
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

# SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

## 512-472-8303
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

# BRUCE ELFANT

TRAVIS COUNTY CONSTABLE, PRECINCT FIVE

1003 GUADALUPE STREET
AUSTIN, TEXAS 78701

Constable5.com

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™




7005 1160 0001 0641 7971

U.S. POSTAGE >> PITNEY BOWES
ZIP 78701
02 1W    $ 006.63
0001363080 JUN 02 2011

RETURN SERVICE REQUESTED

D1GN11001622-1
Bausch & Lomb Incorporated
Ct Corporation System
350 ST PAUL ST,N STE 2900
DALLAS TX 75201

7520134284 C005